UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JERRY DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>CARTHAGE OPCO LLC, et al.,<br><br>Defendants. | Case No. 2:21-cv-00047<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Pending before the Court is Defendants' motion for sanctions under Rule 37(b) of the Federal Rules of Civil Procedure. (Doc. No. 95.) Defendants seek exclusion of certain evidence related to Kymberly Sisk ("Sisk") that was produced by Plaintiff some six months after the close of discovery. Defendants also seek the costs incurred associated with the filing of the motion. (*Id.*) Plaintiff asks the Court to deny the motion because he did not become aware of the information related to Sisk until July 2026, while preparing for trial, and promptly notified counsel thereafter. (Doc. No. 125.) For the reasons that follow, Defendants' motion for sanctions is denied.

This healthcare liability action, related to the death of Dorothy Davis, is set for trial on September 8, 2026. (Doc. No. 76.) The proof at trial will be centered around the level of care that Ms. Davis received while at Defendants' skilled nursing facility, Smith County Health & Rehabilitation. (Doc. No. 1.) Sisk is a Registered Nurse who has been identified as one of the nurses who provided wound care to Ms. Davis. (Doc. No. 125.) Sisk's identity was known to the parties well before the close of discovery.

In July of 2026, counsel for Plaintiff searched open-source licensing information for the medical staff that provided care to Ms. Davis. (*Id.* at 2.) The search revealed that Sisk's nursing license had been sanctioned for dishonest conduct for "fraudulent charting" a year prior to her employment with Defendants. (*Id.* at 4.) On August 7, 2026, Plaintiff supplemented his responses to written discovery by providing the information gleaned from the online search related to Sisk. (Doc. No. 95 at 1–2.)

The amended case management order provided that all fact discovery had to conclude by February 6, 2026 and that all discovery-related motions had to be filed by no later than February 13, 2026. (Doc. No. 75 at 2–3.) The amended case management order further provides that "[n]o motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s)." (*Id.* at 2.) The case management order further provides that "[i]f a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated." (*Id.* at 3.)

Defendants did not attempt to meet and confer prior to filing the motion. Nor did they seek a discovery dispute conference. The failure to abide by this Court's order stands as a sufficient ground to deny the motion. Had the Court resolved the motion on the merits, the outcome would not have been different because the late discovery in question was a public record that either side could have obtained at any time. *See Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 196 F. Supp. 3d 783, 796–97 (E.D. Tenn. 2016) (noting that "a number of courts have recognized that there is no discovery obligation to produce documents in the public record that are equally available to both parties") (collecting cases). Additionally, Defendants cannot complain about information that they knew or should have known about their own employee. *See Ford v. Hamilton Cty. Juvenile Court*, No. 1:05–CV–557, 2007 WL 2302816, at *8 n.6 (S.D. Ohio Aug. 8, 2007)

(finding that a failure to disclose was harmless, where "Defendant would already have in its possession the necessary information regarding the employment status of its own employees").

While the Court is denying sanctions based on pretrial discovery, whether and how the information in question should be admitted at trial is a separate issue that the Court will not address. The admissibility of information related to Sisk can be addressed through motions in limine before Judge Crenshaw.

For the above reasons, Defendants' motion for sanctions (Doc. No. 95) is DENIED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge


Case 2:21-cv-00047 Document 137 Filed 08/21/26 Page 3 of 3 PageID #: 2574